**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America, N.A., | CV 12-01428-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| CBS Properties LLC; Mighty Bum LLC; Chircus Investments LP; Adam Bronfman; Nelson Neal Stone; Jeffrey Chircus, | |
| Defendants. | |

We have before us defendants' motion for determination of fair market value (doc. 9). Plaintiff did not respond, and the time for responding has expired.

In 2008, defendants CBS Properties, Chircus Investments, and Mighty Bum executed promissory notes to plaintiff concerning two loans ("Loan 1" and "Loan 2"). Chircus Investments, Mighty Bum, Bronfman, Stone, and Chircus signed as guarantors. According to plaintiff, defendants defaulted in 2011. The two properties securing the loans were sold at Trustee's Sales for $1,300,000 and $787,501 respectively. Plaintiff filed this action on July 2, 2012, asserting four counts: (1) deficiency action against CBS Properties, Chircus Investments, and Mighty Bum for Loan-1; (2) deficiency action against CBS Properties, Chircus Investments, and Mighty Bum for Loan-1; (3) breach of contract against guarantors Chircus Investments, Mighty Bum, Bronfman, Stone, and Chircus for Loan-1; and (4) breach of contract against guarantors Chircus Investments, Mighty Bum, Bronfman, Stone, and

1 Chircus for Loan-2.  Plaintiff calculates the deficiency balance due on Loan-1 as
2 $659,879.37, and the deficiency balance due on Loan-2 as $1,254,762.06.  Defendants ask
3 us to set a hearing to determine the fair market value of the properties sold by plaintiff.

4 Under Arizona law, a judgment-debtor may request the court to hold a hearing to
5 determine the fair market value of a property sold at a Trustee's Sale.  A.R.S. § 12-1566(C);
6 see also id. § 33-814(A) ("A written application for determination of the fair market value
7 of the real property may be filed by a judgment debtor with the court in the action for a
8 deficiency judgment or in any other action on the contract which has been maintained.").
9 After fair market value is determined, the court issues an order "crediting the amount due on
10 the judgment with the greater of the sales price or the fair market value of the real property."
11 Id. § 33-814(A).

12 Plaintiff does not oppose defendants' request.  However, unless and until plaintiff
13 establishes that it is entitled to a deficiency judgment from these defendants, holding a fair
14 market hearing is premature.  See id. (action for deficiency judgment lies against "any person
15 directly, indirectly or contingently liable on the contract").  If plaintiff establishes via
16 summary judgment practice that it is entitled to a deficiency judgment, a hearing could be
17 set at that point to determine the fair market value of the property.  If an issue of material fact
18 remains that precludes summary judgment, then we may be able to address both the issue of
19 liability and fair market value at trial.  And if defendants establish that plaintiff is not entitled
20 to a deficiency judgment, then a fair market value hearing is not needed.  In sum, there is no
21 need at this early juncture in the litigation to set and hold a fair market value hearing.

22 **IT IS ORDERED DENYING** defendants' motion for determination of fair market
23 value (doc. 9).  We will address whether and when a fair market value hearing should be
24 scheduled after there has been a finding regarding liability.

25 DATED this 24th day of August, 2012.

26
27 _Frederick J. Martone_
    Frederick J. Martone
28  United States District Judge